Filed 2/1/23  Garcia v. Clinicas de Salud del Pueblo, Inc. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| LYDIA GARCIA, | |
| Plaintiff and Respondent, | E077311 |
| v. | (Super.Ct.No. RIC1905175) |
| CLINICAS DE SALUD DEL PUEBLO, INC., | ORDER MODIFYING OPINION |
| | [NO CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

The opinion herein, filed on January 30, 2023, is modified as follows:

On page 6, the sentence "Respondent is to recover her costs on appeal" is to be deleted and replaced with the sentence, "Pursuant to the stipulation of the parties, each party shall bear their own costs."

The modification does not affect the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                                                    J.

We concur:

1

CODRINGTON
                     Acting P. J.


RAPHAEL
                          J.

Filed 1/30/23  Garcia v. Clinicas De Salud Del Pueblo, Inc. CA4/2 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| LYDIA GARCIA, | |
| Plaintiff and Respondent, | E077311 |
| v. | (Super.Ct.No. RIC1905175) |
| CLINICAS DE SALUD DEL PUEBLO, INC., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Sunshine S. Sykes, Judge.  Dismissed.

Paul Hastings, Paul W. Cane, Jr., Nancy L. Abell; Call & Jensen and John T. Egley for Defendant and Appellant.

CounselOne, Anthony J. Orshansky, Jennifer L. Conner; Lawyers for Justice and Edwin Aiwazian for Plaintiff and Respondent.

1

## I.  INTRODUCTION

Defendant and appellant, Clinicas De Salud Del Pueblo, Inc., operates multiple medical clinics in California.  In 2019, plaintiff and respondent, Lydia Garcia, filed a civil complaint alleging various claims against defendant arising out of her employment. Defendant moved to compel arbitration pursuant to the arbitration provisions contained within plaintiff's initial application for employment with defendant.  The trial court denied the motion, concluding that the arbitration provisions were both procedurally and substantively unconscionable.  Defendant appeals from this order, arguing that the trial court erred in concluding the arbitration provisions were unconscionable or, alternatively, that the trial court abused its discretion in refusing to sever any unconscionable term and enforce the remainder of the arbitration agreement.

However, following issuance of our tentative opinion in which we concluded the appellant forfeited its claims of error, the parties filed a stipulation requesting dismissal of the appeal.  As a result, we exercise our discretion to dismiss the appeal.

## II.  FACTS AND PROCEDURAL HISTORY

Plaintiff filed a civil complaint against defendant alleging multiple claims arising out of her employment.  Defendant filed a motion to compel arbitration of plaintiff's claims.  In support of the motion, defendant submitted only the declaration of its human resources director, who declared that (1) plaintiff's personnel file contained a three-page employment application completed by plaintiff at the time she applied for employment with defendant; (2) the application included a provision for arbitration of all claims related to plaintiff's employment; and (3) defendant hired plaintiff as a medical assistant

2

after she submitted her application. A copy of the application was attached to the declaration.

The first page of the application bore defendant's letterhead, followed by boxes designed for an applicant to provide basic identifying information. The applicant was then asked a series of questions to verify basic eligibility for employment. These basic questions were followed by four sections with titles such as "Education," "Employment Experience," "Skills," and "References," with each section containing boxes for an applicant to provide information related to each category. The bottom of the second page contained a signature line for the applicant to certify the accuracy of the information provided.

The third page of the application had no title. Instead, wording across the top of the page stated: "Please read carefully, initial each paragraph and sign below." These instructions were followed by four paragraphs with a line next to each paragraph for an applicant to initial. Each paragraph consisted of single- space, block text in identical size font, with no headings to differentiate the subject matter of any paragraph.

By initialing the first paragraph, the applicant again certified the accuracy of all the information provided on the application but further agreed that any omissions or misstatements would constitute grounds for termination of any future employment with defendant. By initialing the second paragraph, the applicant authorized efforts to investigate the applicant's background, as well as authorized third parties to disclose information about the applicant. The second paragraph also included a broad release of

3

all parties involved in any investigation from "any and all claims, demands or liabilities arising out of or in any way related to such investigations or disclosure."

The third paragraph contained the arbitration provisions at issue in this case, stating: "I hereby agree to submit . . . to binding arbitration all disputes and claims arising out of the submission of this application. I further agree, in the event that I am hired by the Agency, that all disputes that cannot be resolved by informal internal resolution, which might arise out of my employment with the company . . . will be submitted to binding arbitration. I agree that such arbitration shall be conducted under the rules of the American Arbitration Association. This application contains the entire agreement between the parties with regard to dispute resolution and there is no other agreement as to dispute resolution[n], either oral or written."

Finally, by initialing the fourth paragraph, the applicant agreed that "nothing contained in the application, or conveyed during any interview which may be granted . . . is intended to create an employment contract between me and the Agency." It further provided that any future employment would be at will and that "no promise or representations contrary to the foregoing are binding on the Agency, unless made in writing and signed by me and the company's designated representative." The copy of the employment application attached to defendant's motion bore plaintiff's initials next to each paragraph and her signature at the bottom of the second and third pages. There were no corresponding countersignatures by defendant.

In opposition to the motion, plaintiff submitted her own declaration, stating that (1) she was told to sign and complete multiple forms in order to be considered for

4

employment with defendant; (2) she did not have the power to negotiate any provisions of the employment application; (3) she was not informed by defendant that the application contained an arbitration provision; and (4) she did not understand that she had agreed to submit any claims to arbitration when completing the application. Plaintiff also submitted excerpts from defendant's employee handbook setting forth defendant's informal internal dispute resolution procedure, which required submission of written grievances with at least four levels of management, as well as written responses to any proposals made by defendant in response to plaintiff's written grievances.

The trial court denied defendant's motion to compel arbitration but did not issue a statement of decision. In a written minute order, the trial court stated: "The arbitration agreement is both procedurally and substantively unconscionable, and there is no single provision the court can strike to remove the 'unconscionable taint.' Rather, the court would be required to rewrite the agreement to ensure mutuality and fairness; however, the court lacks the power to do so." Defendant appeals from this order.

## III. DISCUSSION

Following completion of briefing, issuance of our tentative opinion, request for oral argument in this matter, and a request for continuance of oral argument, the parties filed a request for dismissal of the appeal. Once the record on appeal has been filed in the reviewing court, a party is not entitled to dismissal as a matter of right, and dismissal is instead within the reviewing court's discretion. (*Jackpot Harvesting, Inc. v. Applied Underwriters, Inc.* (2019) 33 Cal.App.5th 719, 728, fn. 10; see Cal. Rules of Court, rule 8.244(c).) We exercise our discretion to do so in this case, and the appeal is dismissed.

5

## IV.  DISPOSITION

The appeal is dismissed.  Respondent is to recover her costs on appeal.  (Cal. Rules of Court, rule 8.278.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

CODRINGTON _____
Acting P. J.

RAPHAEL _____
J.

6